UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

PAULINE B. SCHROEDER AND
CHERYL P. SCHROEDER,

    Plaintiffs,

v.

NORTHSTAR LOCATION SERVICES, LLC,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiffs allegesviolation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k.  Venue in this District is proper because Plaintiffs reside here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, PAULINE B. SCHROEDER, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4. Plaintiff, CHERYL P. SCHROEDER, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

5. Defendant, NORTHSTAR LOCATION SERVICES, LLC, is a limited liability company and citizen of the State of New York with its principal place of business at 4285 Genesee Street, Cheektowaga, New York, 14225.

6. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant regularly collects or attempts to collect debts for other parties.

8. Defendant is a "debt collector" as defined in the FDCPA.

9. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiffs an alleged debt arising from transactions incurred for personal, family or household purposes.

11. Defendant left the following messages on Plaintiff, Cheryl P. Schroeder's, voice mail on her residential telephone on about the dates stated:

> October 8, 2009 at 9:00 AM
> Hi, good morning this message is intended for Pauline Schroeder or Cheryl Schroeder. Please contact Eileen Torres at Northstar Companies. My number is 888-820-0963, my extension 1174. I do need to talk to you regarding some information I received here in my office on Monday. Ah, please take the time to give me a call back so I can discuss it with you guys further and

2

see how I can possibly assist you. Ah, again the number 888-820-0963, my extension 1174. Thank you.

<u>October 12, 2009 at 9:05 AM</u>
Hi, good morning this is documented attempt ah, for ah, Cheryl Schroeder ah, in regards to Pauline Schroeder. I need a return call from either one of you as soon as possible to my office at Northstar Companies. My telephone number is 888-820-0963, extension 1174. Thank You.

<u>October 16, 2009 at 2:34 PM</u>
This message is intended for Pauline and for Cheryl Schroeder. This is Northstar Services. Please contact my office at 1-888-820-0963, extension is 1127 and your reference number is 9-7, 9-78; 786980. We have important information in my office that requires your attention and this is not a solicitation call, it is an attempt to collect a debt. Any information obtained can and will be used for this purpose.

<u>October 20, 2009 at 5:25 PM</u>
Ah, yes, ah, good afternoon.  This message is intended for Cheryl Schroeder, this is Shawn (inaudible) of Northstar Locations Services. Please contact this office regarding an important business matter. Ah, please be advised that this is not a telemarketing or solicitation call. It is imperative that we speak. You can reach me toll free at 1-888-820-0963, extension 1045. Thank you.

<u>January 28, 2010 at 3:41 PM</u>
Hi this message is for Cheryl Schroeder. This is Raymond on ( inaudible) behalf of Bank of America. It is important that you contact my office today as soon as possible (Inaudible), to reach me at 888-820-0963 extension 1243. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

12.     Defendant left similar or identical messages on other occasions.

(Collectively, "the telephone messages").

13.     The messages are "communications" as defined by 15 U.S.C.

§1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-

Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

3

14. Defendant failed to inform Plaintiffs in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

15. Plaintiffs incorporate Paragraphs 1 through 14.

16. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

17. Plaintiffs incorporate Paragraphs 1 through 14.

18. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the

4

purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.</u>, 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.,</u> 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

19. Plaintiffs incorporate Paragraphs 1 through 14.

20. Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See <u>Sanchez v. Client Servs</u>., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

c.  Such other or further relief as the Court deems proper.

## COUNT IV
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

21. Plaintiffs incorporate Paragraphs 1 through 14.

22. Defendant asserted the right to collect a debt by leaving repeated telephone messages for Plaintiffs without disclosing its name and that it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant for:

a.  Damages;

b.  Attorney's fees, litigation expenses and costs of suit;

c.  declaring that Defendant's practices violate the FCCPA;

d.  permanently injoining Defendant from engaging in the complained of practices; and

e.  Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

23. Plaintiffs incorporate Paragraphs 1 through 14.

24. By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by telephoning Plaintiffs with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiffs requests that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendant's practices violate the FCCPA;

    d. permanently injoining Defendant from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demands trial by jury.

> DONALD A. YARBROUGH, ESQ.
> Attorney for Plaintiff
> Post Office Box 11842
> Ft. Lauderdale, FL 33339
> Telephone: 954-537-2000
> Facsimile: 954-566-2235
> donyarbrough@mindspring.com
>
> By: s/ Donald A. Yarbrough
>     Donald A. Yarbrough, Esq.
>     Florida Bar No. 0158658